U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
ENTERED
THE DATE OF ENTRY IS
ON THE COURTS DOCKET
TAWANA C. MARSHELL, CLERK

JAN 2 7 2014

D. Michael Lynn
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIBERTOWER NETWORK SERVICES | § | Case No. 12-44027-DML-11 |
| CORP., *et al.*, | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER
## CONFIRMING DEBTORS' FOURTH AMENDED JOINT CHAPTER 11 PLAN

Upon consideration of the *Debtors' Fourth Amended Joint Chapter 11 Plan*, dated

January 17, 2014 [Docket No. 1057] (as amended, modified, and/or supplemented from time to

time, the "Plan"),[1] filed by the above-captioned debtors and debtors in possession (collectively,

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan or the Disclosure Statement Order, as applicable.

NYC:256487.1

the "Debtors");[2] and the Debtors having filed the *Notice of Filing of Plan Supplement Documents* [Docket No. 1029], including the *Notice of Filing of Schedules 9.1(a) and 11.4(a) to the Plan* (the "Assumption Notice") on January 3, 2014 (as amended, modified, and/or supplemented from time to time, the "Plan Supplement");[3] and the Debtors having filed a *Notice of Non-Exhaustive List of Potential Causes of Action Pursuant to Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. 1023] on December 20, 2013; and the Debtors having filed the *Disclosure Statement for Debtors' Second Amended Joint Chapter 11 Plan*, dated December 4, 2013 [Docket No. 1009] (the "Disclosure Statement"); and this Court having entered an Order dated December 5, 2013 [Docket No. 1013] (the "Disclosure Statement Order"), pursuant to which this Court, among other things, (i) approved the Disclosure Statement as having "adequate information" under section 1125 of the Bankruptcy Code, (ii) established January 15, 2014 as the date of the hearing to consider confirmation of the Plan (the "Confirmation Hearing"), (iii) approved the form and method of notice of the Confirmation Hearing (the "Confirmation Hearing Notice"), (iv) established and approved procedures for soliciting and tabulating votes with respect to the Plan, (v) established January 8, 2014 at 4:00 p.m. (prevailing Central Time) as the deadline by which all objections to confirmation of the Plan must have been filed with this Court (the "Plan Objection Deadline"), and (vi) established January 8, 2014 at 5:00 p.m. (prevailing Central Time) as the deadline for parties to submit votes to accept or reject the Plan (the "Voting Deadline"); and after full consideration of the *Memorandum of Law in Support of Confirmation of Debtors' Third Amended Joint Chapter 11 Plan* [Docket No. 1049], filed on

---

[2] The Debtors in these Chapter 11 Cases are: (i) FiberTower Network Services Corp.; (ii) FiberTower Corporation; (iii) FiberTower Licensing Corp.; and (iv) FiberTower Spectrum Holdings, LLC.

[3] Including, without limitation, as modified and supplemented by the *Amended Litigated Trust Agreement* [Docket No. 1045] filed by the Debtors on January 14, 2014 and the *Notice of Filing Amended Exhibit D to Plan Supplement* [Docket No. 1056] filed on January 15, 2014.

NYC:256487.1

January 13, 2014; and upon the *Certification and Declaration of Claims, Noticing And Tabulation Agent Regarding Solicitation and Tabulation of Votes in Connection with the Debtors' Plan of Reorganization* [Docket No. 1047] (the "BMC Declaration"), filed on January 13, 2014; and upon the *Declaration of Thomas Scott in Support of Confirmation of the Debtors' Joint Chapter 11 Plan* [Docket No. 1054] (the "Scott Declaration"), filed on January 14, 2014; and the Disclosure Statement, the Plan, the Plan Supplement and each of the other foregoing documents filed in connection therewith having been distributed or made available to holders of Claims against and Equity Interests in the Debtors and other parties in interest in accordance with the Disclosure Statement Order and the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules"); and such notice being sufficient under the circumstances and no other or further notice being required; and any objections to the Plan (the "Objections") having been withdrawn, resolved, and/or overruled by this Court pursuant to this Confirmation Order; and the Confirmation Hearing having been held on January 15, 2014; and good and sufficient notice of the Confirmation Hearing having been given; and upon the entire record of these Chapter 11 Cases, the record of the Confirmation Hearing, and all evidence adduced threat, all of which are incorporated herein by reference; and the Court having determined, based upon all of the foregoing, that the Plan should be confirmed; and after due deliberation and good cause appearing therefor,[4]

**IT IS HEREBY FOUND AND DETERMINED THAT:**

---

[4] For purposes of this Confirmation Order, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate pursuant to Federal Rule of Bankruptcy Procedure 7052.

NYC:256487.1

A.    <u>Findings and Conclusions</u>. The findings and conclusions set forth herein and in the record at the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    <u>Chapter 11 Petitions</u>. On July 17, 2012 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors have been operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

C.    <u>Jurisdiction, Venue, Core Proceeding</u>. The Court has jurisdiction over the Debtors' Chapter 11 Cases pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has jurisdiction to enter a final Order with respect thereto. The Debtors are eligible debtors under section 109 of the Bankruptcy Code. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D.    <u>Judicial Notice</u>. The Court takes judicial notice of the docket of these Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all Orders entered, all hearing transcripts and all evidence and arguments made, proffered, or adduced at the hearings held before this Court during these Chapter 11 Cases, including, without limitation, the Confirmation Hearing.

E.    <u>Solicitation and Notice</u>. On December 5, 2013, this Court entered the Disclosure Statement Order, pursuant to which this Court, among other things, (i) approved the Disclosure

4

Statement as having "adequate information" under section 1125 of the Bankruptcy Code, (ii) established January 15, 2014 as the date of the Confirmation Hearing, (iii) approved the form and method of the Confirmation Hearing Notice, (iv) established and approved procedures for soliciting and tabulating votes with respect to the Plan, (v) established January 8, 2014 at 4:00 p.m. (prevailing Central Time) as the Plan Objection Deadline, and (vi) established January 8, 2014 at 5:00 p.m. (prevailing Central Time) as the Voting Deadline. The Disclosure Statement, the Plan, the Disclosure Statement Order, the Master Ballots, the Individual Ballots, the Confirmation Hearing Notice, and the Notices of Non-Voting Status (each, as defined in the Disclosure Statement Order and, collectively, the "Solicitation Materials") were filed and served in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Disclosure Statement Order, as applicable. The service of the Solicitation Materials was adequate and sufficient under the circumstances of these Chapter 11 Cases, and adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Disclosure Statement Order was timely provided in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Disclosure Statement Order, as applicable.

F.      Voting.    Votes on the Plan were solicited after disclosure of "adequate information" as defined in section 1125 of the Bankruptcy Code. Votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Disclosure Statement Order.

G.      Plan Supplement.    Prior to the Confirmation Hearing, the Debtors filed the Plan Supplement. The Plan Supplement complies with the terms of the Plan, and the filing and notice of the Plan Supplement was appropriate and complied with the requirements of the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules and the Disclosure Statement Order, and no other or further notice is or shall be required. Subject to the terms of this Order, the Debtors are authorized to modify the Plan Supplement documents following entry of this Confirmation Order.

H. _Burden of Proof_. The Debtors, as proponents of the Plan, have met their burden of proving the elements of section 1129 of the Bankruptcy Code.

I. _Bankruptcy Rule 3016(a)_. The Plan is dated and identifies the Debtors as the Plan proponents, thereby satisfying Bankruptcy Rule 3016(a).

J. _Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))_. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

i. _Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))_. In addition to Administrative Expense Claims, Fee Claims, and Priority Tax Claims, which need not be classified, the Plan designates twenty eight (28) classes of Claims and Equity Interests. As required by section 1122(a) of the Bankruptcy Code, the Claims or Equity Interests in each Class are substantially similar to other Claims or Equity Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for classifying the various Classes of Claims and Equity Interests as provided in the Plan, and such Classes do not unfairly discriminate between Holders of Claims and Equity Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

ii. _Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))_. Articles III and IV of the Plan specify that Claims in Classes 1A through 4A (Priority Non-Tax Claims) and 1C

NYC:256487.1

through 4C (Other Secured Claims) are Unimpaired under the Plan. Thus, the requirements of section 1123(a)(2) of the Bankruptcy Code are satisfied.

iii. <u>Specify Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Articles III and IV of the Plan specify that Claims in Classes 1B through 4B (2016 Claims and 2016 Guaranty Claims), 1D through 4D (2012 Claims and 2012 Guaranty Claims), 1E through 4E (General Unsecured Claims), 1F through 4F (Intercompany Claims), and 1G through 4G (Equity Interests and Other Equity Interests) are Impaired and provides the treatment of such Claims and Equity Interests in such Classes. Thus, the requirements of section 1123(a)(3) of the Bankruptcy Code are satisfied.

iv. <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides the same treatment by the Debtors for each Claim and Equity Interest in each respective Class unless the Holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest. Thus, the requirements of section 1123(a)(4) of the Bankruptcy Code are satisfied.

v. <u>Implementation of the Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan and the various documents and agreements set forth in the Plan Supplement provide adequate and proper means for the Plan's implementation, including, without limitation: (a) the continued corporate existence of the Reorganized Debtors; (b) the corporate governance documents relating to the Reorganized Debtors after the Effective Date; (c) the issuance of New FiberTower Common Stock and New FiberTower Subsidiary Equity Interests; (d) the creation of the Litigation Trust; (e) the issuance of Litigation Trust Interests to the Beneficiaries of the Litigation Trust; (f) the vesting of the assets of the Debtors' estates in the Reorganized Debtors and the Litigation Trust, as applicable; (g) the cancellation of certain existing agreements, obligations, instruments, and interests; and (h) the execution, delivery, filing, or recording of all contracts, instruments,

NYC:256487.1

releases, and other agreements or documents related to the foregoing. Thus, the requirements of section 1123(a)(5) of the Bankruptcy Code are satisfied.

vi. <u>Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))</u>. The Plan and the New FiberTower Governing Documents prohibit the issuance of non-voting equity securities and provide for an appropriate distribution of power among voting classes, thereby satisfying section 1123(a)(6) of the Bankruptcy Code.

vii. <u>Designation of Directors and Officers (11 U.S.C. § 1123(a)(7))</u>. The initial directors and officers of the Reorganized Debtors are set forth in the Plan Supplement, and the New FiberTower Governing Documents set out the procedures for the selection of subsequent directors and officers of each Reorganized Debtor. Such procedures are consistent with the interests of creditors and equity holders and public policy, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

viii. <u>Impairment/Unimpairment of Classes of Claims and Equity Interests (11 U.S.C. § 1123(b)(1))</u>. As contemplated by section 1123(b)(1) of the Bankruptcy Code, Classes 1A through 4A (Priority Non-Tax Claims) and 1C through 4C (Other Secured Claims) are Unimpaired under the Plan. Classes 1B through 4B (2016 Claims and 2016 Guaranty Claims), Classes 1D through 4D (2012 Claims and 2012 Guaranty Claims), Classes 1E through 4E (General Unsecured Claims), Classes 1F through 4F (Intercompany Claims), and 1G through 4G (Equity Interests and Other Equity Interests) are Impaired under the Plan. The Plan complies with section 1123(b)(1) of the Bankruptcy Code.

ix. <u>Assumption and Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2))</u>. Article IX of the Plan provides for the rejection of executory contracts and unexpired leases of the Debtors as of the Effective Date, except for any executory contract or

NYC:256487.1

unexpired lease that (a) has been assumed, assumed and assigned, or rejected pursuant to an order of the Court entered on or before the Effective Date, (b) previously expired or terminated pursuant to its own terms, (c) is subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date, or (iv) is specifically designated as a contract or lease to be assumed or assumed and assigned on Schedule 9.1(a) of the Plan, which Schedule is contained in the Plan Supplement. The Plan complies with section 1123(b)(2) of the Bankruptcy Code.

x. <u>Releases, Exculpations, and Injunctions</u>. The Court has jurisdiction pursuant to 28 U.S.C. § 1334(a) and (b) to approve the releases, injunctions, and exculpation provisions set forth in Article XI of the Plan. ~~Based upon the record of these Chapter 11 Cases and the evidence submitted, adduced, or presented at or prior to or in connection with, the~~ Confirmation Hearing, the releases, injunctions, and exculpations set forth in Article XI of the Plan are consistent with and allowable under the Bankruptcy Code. All releases, exculpations, and injunctions embodied in the Plan are an integral part of the Plan. The releases, exculpations, and injunctions set forth in the Plan are fair, equitable, reasonable, and in the best interests of the ~~Debtors, the Estates, and Holders of Claims against and Equity Interests in the Debtors~~.

xi. <u>Additional Plan Provisions (11 U.S.C. § 1123(b)(6))</u>. The additional provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, (a) distributions to holders of Claims and Equity Interests (as applicable), (b) retention of, and right to enforce, sue on, settle, or compromise (or refuse to do any of the foregoing with respect to) certain claims and Causes of Action against third parties, to the extent not waived and released under the Plan, (c) resolution of Disputed Claims, (d) allowance of certain Claims, (e) indemnification obligations, (f) releases by Debtors

9

of the Released Parties, (g) releases by holders of Claims and Equity Interests of the Released Parties, (i) exculpations of certain parties, (j) vesting of assets in the Reorganized Debtors and (k) transfer of the Litigation Trust Assets to the Litigation Trust. The Plan complies with the provisions of section 1123(b)(6) of the Bankruptcy Code.

K.    Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Debtors, as proponents of the Plan, have complied with the applicable provisions of the Bankruptcy Code, including sections 1122, 1123, 1124, 1125, 1126, and 1128 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018, and 3019, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

L.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Debtors have proposed the Plan (including the Plan Supplement and all other documents necessary to effectuate the Plan) in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Debtors' good faith is evident from the facts and record of these Chapter 11 Cases, the Disclosure Statement, and the record of the Confirmation Hearing and other proceedings held in these Chapter 11 Cases. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' Estates and to effectuate a successful reorganization of the Debtors. The Plan's classification, indemnification, exculpation, release, and injunction provisions have been negotiated in good faith and at arm's length, are consistent with sections 105, 1122, 1123(b)(6), 1129, and 1142 of the Bankruptcy Code, and are each necessary for the Debtors' successful reorganization.

M.    Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payments made or promised by the Debtors for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter

11 Cases, have been approved by, or are subject to approval of the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

N. Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5). The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code. The identity and affiliations of the persons proposed to serve as the initial directors and officers of the Reorganized Debtors after the Effective Date of the Plan have been fully disclosed in the Plan, the Plan Supplement or in the record at the Confirmation Hearing, and the appointment to, or continuance in, such offices of such persons is consistent with the interests of holders of Claims against and Equity Interests in the Debtors and with public policy. The identity of any insider that will be employed or retained by the Reorganized Debtors and the nature of such insider's compensation have also been fully disclosed in the Plan Supplement or in the record at the Confirmation Hearing.

O. No Rate Changes (11 U.S.C. § 1129(a)(6)). Section 1129(a)(6) of the Bankruptcy Code is satisfied because the Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction.

P. Best Interests of Creditors (11 U.S.C. § 1129(a)(7)). The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. Classes 1B through 4B (2016 Claims and 2016 Guaranty Claims), Classes 1D through 4D (2012 Claims and 2012 Guaranty Claims), Classes 1E through 4E (General Unsecured Claims), Classes 1F through 4F (Intercompany Claims), and 1G through 4G (Equity Interests and Other Equity Interests) are impaired under the Plan. The liquidation analysis provided in the Disclosure Statement (i) is credible, (ii) has not been controverted by other evidence, (iii) is based on reasonable and sound assumptions, and (iv) provides a reasonable estimate of the liquidation values of the Debtors' Estates upon conversion to a case under chapter 7 of the Bankruptcy Code. Each holder of a Claim or Equity Interest in Classes

1B through 4B, Classes 1D through 4D, Classes 1E through 4E, Classes 1F through 4F, and 1G through 4G either has accepted the Plan, or will receive or retain under the Plan on account of its Claim or Equity Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the applicable Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. Accordingly, the Plan satisfies the "best interests of creditors" test under section 1129(a)(7) of the Bankruptcy Code.

Q.     Acceptance by/Unimpairement of Certain Classes (11 U.S.C. § 1129(a)(8)). Classes 1A through 1D (Priority Non-Tax Claims) and Classes 1C through 4C (Other Secured Claims) are unimpaired by the Plan and holders of Claims in such Classes are thus conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Classes 1B through 4B (2016 Claims and 2016 Guaranty Claims), Classes 1D through 4D (2012 Claims and 2012 Guaranty Claims), Classes 1E through 4E (General Unsecured Claims), Classes 1F through 4F (Intercompany Claims), and 1G through 4G (Equity Interests and Other Equity Interests) are impaired by the Plan. Classes 1B through 4B have voted to accept the Plan in accordance with section 1126(c). Section 1129(a)(8) of the Bankruptcy Code has, therefore, been satisfied with respect to Classes 1A through 4A, 1B through 4B, and 1C through 4C. Holders of Allowed Claims in Classes 1D through 4D and 1E through 4E shall be entitled to receive, in full satisfaction of such Claims, their Pro Rata share (together with the other Beneficiaries, but without duplication) of the Litigation Trust Interests. Holders of Claims in Classes 1D through 4D and 1E through 4E are deemed to reject the Plan. The Plan does not discriminate unfairly against, and is fair and equitable with respect to, Classes 1D through 4D and 1E through 4E. Therefore, section 1129(b)(1) of the Bankruptcy Code has been satisfied with respect to Classes 1D through 4D and 1E through 4E. Holders of Claims and Equity

Interests in Classes 1F through 4F and 1G through 4G will neither receive nor retain any property under the Plan on account of such Claim or Equity Interest and are thus conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.

R.      Treatment of Administrative Claims, Fee Claims, and Priority Tax Claims (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Expense Claims, Fee Claims, and Priority Tax Claims pursuant to Article II of the Plan satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code.

S.      Acceptance by at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10). Classes 1B through 4B (2016 Claims and 2016 Guaranty Claims) are impaired and have voted to accept the Plan without including any acceptance of the Plan by any insider. The Plan therefore satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

T.      Feasibility (11 U.S.C. § 1129(a)(11)). The evidence proffered or adduced at the Confirmation Hearing and set forth in the Scott Declaration is credible, has not been controverted by other evidence, and establishes that the plan is feasible and that there is a reasonable prospect of the Reorganized Debtors being able to meet their financial obligations under the Plan and their businesses in the ordinary course, and that confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Reorganized Debtors. The Plan therefore satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

U.      Payment of Fees (11 U.S.C. § 1129(a)(12)). All fees due and payable pursuant to section 1930 of chapter 123 of title 28, United States Code, as determined by the Court, have been or will be paid by the Debtors on the Effective Date pursuant to section 13.1 of the Plan, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

V.     <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>.  The Debtors do not pay any "retiree benefits," as defined in section 1114 of the Bankruptcy Code and section 1129(a)(13) of the Bankruptcy Code is thus inapplicable in these Chapter 11 Cases.

W.     <u>No Domestic Support Obligations (11 U.S.C. § 1129(a)(14))</u>.  The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

X.     <u>Debtors Are Not Individuals (11 U.S.C. § 1129(a)(15))</u>.  The Debtors are not individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

Y.     <u>No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16))</u>.  The Debtors are each moneyed, business, or commercial corporations, and accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

Z.     <u>No Unfair Discrimination; Fair and Equitable Treatment (11 U.S.C. § 1129(b))</u>. The classification and treatment of Claims and Equity interests in Classes 1D through 4D (2012 Claims and 2012 Guaranty Claims), 1E through 4E (General Unsecured Claims), 1F through 4F (Intercompany Claims), and 1G through 4G (Equity Interests and Other Equity Interests), which are deemed to have rejected the Plan, is proper pursuant to section 1122 of the Bankruptcy Code, and does not discriminate unfairly pursuant to section 1129(b)(1) of the Bankruptcy Code. Pursuant to section 1129(b)(1) of the Bankruptcy Code, the Plan may be confirmed notwithstanding the fact that not all Impaired Classes have voted to accept the Plan, if all of the requirements of section 1129(a) of the Bankruptcy Code, other than section 1129(a)(8) have been

14

met. Classes 1B through 4B are Impaired Classes that have voted to accept the Plan. The Plan is fair and equitable with respect to Classes 1D through 4D, 1E through 4E, 1F through 4F, and 1G through 4G because no holder of any interest junior to such classes will receive or retain property under the Plan on account of such interest. Section 1129(b) of the Bankruptcy Code has, therefore, been satisfied, and the Plan may be confirmed over the deemed rejection of the Plan by Classes 1D through 4D, 1E through 4E, 1F through 4F, and 1G through 4G.

AA.    Only One Plan (11 U.S.C. § 1129(c)). The Plan is the only plan filed in these Chapter 11 Cases, and accordingly, section 1129(c) of the Bankruptcy Code has been satisfied.

BB.    Principal Purpose of the Plan ( 11 U.S.C. § 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, thereby satisfying section 1129(d) of the Bankruptcy Code.

CC.    Not Small Business Cases (11 U.S.C. § 1129(e)). These Chapter 11 Cases are not small business cases and accordingly, section 1129(e) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

DD.    Good Faith Solicitation (11 U.S.C. § 1125(e)). Based on the record before the Court in these Chapter 11 Cases, the Debtors and their of their officers, directors, employees, advisors, Professionals, and agents, and all other persons involved in the solicitation process, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in connection with all of their respective activities arising out of, relating to or connected with the administration of the Chapter 11 Cases, the negotiation and pursuit of approval of the Disclosure Statement, the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the funding of the Plan, the consummation of the Plan and the property

to be distributed under the Plan, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

EE. <u>Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2))</u>. The Debtors have exercised sound business judgment in determining whether to assume or reject each of their executory contracts and unexpired leases pursuant to Article IX of the Plan. Each assumption or rejection of an executory contract or unexpired lease as provided in section 9.1 of the Plan and Schedule 9.1(a) annexed to the Plan shall be legal, valid, and binding upon the applicable Reorganized Debtor and all non-Debtor counterparties to such contracts or leases, and satisfies the requirements of section 365 of the Bankruptcy Code including, without limitation, section 365(d)(4).

FF. <u>Cure of Defaults (11 U.S.C. § 1123(d))</u>. The cure amounts set forth in the Assumption Notice have been determined in accordance with the underlying agreements and applicable bankruptcy and non-bankruptcy law. Any counterparty to an executory contract or unexpired lease that failed to object, whether formally or informally, to the proposed assumption and related cure amount by January 13, 2014, 2014 at 4:00 p.m. (prevailing Central Time), or by such other time mutually agreed to between the applicable Debtors and such counterparty, shall be deemed to have assented to such assumption and the cure amount set forth in the Cure Notice, which amount shall constitute the Allowed Cure Claim with respect to the applicable executory contract or unexpired lease.

GG. <u>Plan Implementation</u>.

i. The terms of the Plan including, without limitation, the documents contained in the Plan Supplement and all exhibits and schedules thereto, and all other documents filed in connection with the Plan and/or executed or to be executed in connection with the

16

transactions contemplated by the Plan, and all amendments and modifications of any of the foregoing (collectively, the "Plan Documents") are incorporated by reference and are, except as addressed herein or in any future order of the Court contemplated by this Confirmation Order, proper in all respects, and constitute an integral part of this Confirmation Order.

        ii.      The Plan and the Plan Documents have been negotiated in good faith and at arms' length and shall, on and after the Effective Date, constitute legal, valid, binding and authorized obligations of the respective parties thereto and will be enforceable in accordance with their terms.

        iii.     Pursuant to section 1142(a) of the Bankruptcy Code, except as addressed herein or in any future order of the Court contemplated by this Confirmation order, the Plan and the Plan Documents will apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law. The Debtors, the Reorganized Debtors, and each of their officers, directors, employees, advisors, Professionals, and agents will be acting in good faith if they proceed to (i) consummate the Plan and the agreements, settlements, transactions, transfers and documentation contemplated thereby or by the Plan Documents and (ii) take any actions authorized and directed by this Confirmation Order.

        HH.    Exemption from Transfer Taxes. Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of notes or equity securities under or in connection with the Plan, the creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any merger agreements or agreements of consolidation, deeds, bills of sale, or assignments executed in

connection with any of the transactions contemplated under the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

II. <u>Issuance of Securities</u>. Pursuant to section 1145 of the Bankruptcy Code, the offer, issuance and distribution under the Plan of the New FiberTower Common Stock and the New FiberTower Subsidiary Equity Interests is exempt from the requirements of the Securities Act of 1933, as amended, and all rules and regulations promulgated thereunder, and all other applicable securities laws.

JJ. <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

KK. <u>Retention of Jurisdiction</u>. The Court may properly retain jurisdiction over the matters set forth in Article XII of the Plan and/or section 1142 of the Bankruptcy Code.

LL. <u>Objections</u>. All parties have had a full and fair opportunity to litigate all issues raised by objections to confirmation of the Plan, or which might have been raised, and the objections to confirmation have been resolved, fully and fairly litigated and/or overruled.

MM. <u>Plan Modifications</u>. Modifications made to the Plan since the solicitation of the Plan comply in all respects with Section 13.4 of the Plan and sections 1122 and 1123 of the Bankruptcy Code, as required under section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019. The filing of modifications to the Plan and the disclosure of the modifications to the Plan on the record at the Confirmation Hearing constitutes due and sufficient notice of such modifications, and the Court hereby finds that such modifications are non-material,* not adverse to any party-in-interest under the Plan, and do not require the re-solicitation of any Class.

Based upon the foregoing findings, and upon the record made before this Court at the Confirmation Hearing, and good and sufficient cause appearing therefor,

\* The modification to the deficiency of the senior lenders is not material because the amount to be paid on such deficiency is presumed to be zero.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     <u>Confirmation</u>.   The Plan, as and to the extent modified by this Confirmation Order, is approved and confirmed under section 1129 of the Bankruptcy Code. The actions and agreements contemplated by the Plan, including, without limitation, the Plan Documents and the Litigation Trust Agreement (including any amendments, modifications, and supplements thereto and documents referred to in such documents consistent with the Plan), and execution, delivery, and performance thereof by the Debtors and the Reorganized Debtors (and their representatives) are authorized and approved as finalized, executed, and delivered. The terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order, except to the extent modified by this Order. The Plan complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules relating to and regarding confirmation.

2.     <u>Solicitation and Notice</u>.   Notice of the Confirmation Hearing and the solicitation of votes on the Plan (i) complied with the terms of the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and (ii) were appropriate, satisfactory and sufficient based upon the circumstances of the Debtors' Chapter 11 Cases.

3.     <u>Objections</u>.   All objections, responses, statements, and comments in opposition to the Plan, other than those withdrawn with prejudice in their entirety prior to the Confirmation Hearing or otherwise resolved on the record of the Confirmation Hearing and/or herein or addressed by this Confirmation Order or any future Order of the Court contemplated by this Confirmation Order, are overruled.

4.     <u>Binding Effect</u>.   Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code and subject to the occurrence of the Effective Date, on and after the

NYC:256487.1

Confirmation Date, the provisions of the Plan shall bind any holder of a Claim against or Equity Interest in the Debtors and such holder's respective successors and assigns, whether or not such Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.

5. <u>Non-Substantive Consolidation</u>. On the Effective Date, the Debtors Estates shall not be deemed to be substantively consolidated. Notwithstanding anything to the contrary in this Confirmation Order, the Plan, or the Plan Documents, any reinstated Claims of a Debtor shall remain the obligations solely of such Debtor and shall not become obligations of any other Debtor by virtue of the Plan, the Chapter 11 Cases, or otherwise.

6. <u>Continued Corporate Existence</u>. Subject to the transactions contemplated by the Plan, and except as provided in the Plan, each Reorganized Debtor shall continue to exist after the Effective Date as a separate legal entity, with all the powers afforded to it under applicable law in the jurisdiction in which such Reorganized Debtor is organized and pursuant to the New FiberTower Governing Documents, without prejudice to any right to terminate such existence (whether by merger or otherwise) under applicable law after the Effective Date.

7. <u>Vesting of Assets (11 U.S.C. § 1141(b), (c))</u>. As set forth in section 11.1 of the Plan, as of the Effective Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all property of the Debtors' Estates (except the Litigation Trust Assets, which shall be transferred to and vest in the Litigation Trust) shall vest in the Reorganized Debtors, free and clear of all Claims, Liens, encumbrances, charges, and other interests, except as provided in the Plan or this Confirmation Order. The vesting, on the Effective Date, of the property of the Debtors' Estates in the Reorganized Debtors and/or the Litigation Trust, as applicable, does not constitute a voidable transfer under the Bankruptcy Code or applicable nonbankruptcy law.

8. <u>Cancellation or Amendment of Securities and Agreements</u>. On the Effective Date, the Plan shall be consummated in accordance with the provisions set forth therein and, upon the effectiveness of such transactions on the Effective Date (i) the Claims against and Equity Interests in the Debtors (and all agreements related thereto) shall be deemed cancelled and terminated without further act or action under applicable agreements, law, Orders, regulations or rules, and the Debtors shall not have any continuing obligations therefor; *provided, however,* that the 2016 Indenture and the 2012 Indenture shall continue in effect to the extent (including any charging liens held by the 2016 Agent and/or the 2012 Agent) and for so long as necessary to allow the Holders of 2016 Claims, 2016 Guaranty Claims, 2012 Claims and 2012 Guaranty Claims to receive distributions under the Plan, including distributions from the Litigation Trust.

9. <u>Releases of Liens</u>. Except as otherwise provided in the Plan or this Confirmation Order, upon the Effective Date, any Lien, mortgage, deed of trust and other security interest against the property of any Debtor shall be deemed cancelled, terminated, released, discharged and extinguished and all right, title, and interest of any holder of such Lien, mortgage, deed of trust, financing statement and other security interest, including any rights to any collateral thereunder, shall revert to the applicable Reorganized Debtor and its successors and assigns; *provided, however,* that any Lien with respect to unpaid taxes of the Debtors shall remain in full force and effect until such unpaid taxes are paid. The Debtors, the Reorganized Debtors or their designees are authorized to make such filings or releases as necessary to effectuate the provisions of this paragraph.

10. <u>Retained Assets</u>. To the extent that the succession to assets of the Debtors by the Reorganized Debtors (or the Litigation Trust, as applicable) pursuant to the Plan are deemed to

NYC:256487.1

constitute "transfers" of property, such transfers of property to the Reorganized Debtors and/or the Litigation Trust (a) are or shall be legal, valid, and effective transfers of property, (b) vest or shall vest the Reorganized Debtors or the Litigation Trust, as applicable, with good title to such property, free and clear of all Liens, charges, Claims, encumbrances, or interests, except as expressly provided in the Plan or this Confirmation Order, (c) do not and shall not constitute avoidable transfers under the Bankruptcy Code or under applicable nonbankruptcy law, and (d) do not and shall not subject the Reorganized Debtors or the Litigation Trust, as applicable, to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation, by laws affecting successor or transferee liability.

11.    Dissolution of Statutory Committees and Cessation of Fee and Expense Payments.  Any Committee appointed in these Chapter 11 Cases shall be dissolved on the Effective Date; *provided, however*, the Committee shall exist, and its professionals retained, after the Effective Date with respect to applications filed pursuant to sections 330 and 331 of the Bankruptcy Code. Neither the Debtors nor the Reorganized Debtors shall be responsible for paying any fees or expenses incurred by any Committee after the Effective Date, *provided, however*, the Reorganized Debtors shall pay any fees and expenses incurred by the Committee's professionals for those matters that the Committee remains in existence after the Effective Date pursuant to the preceding sentence.  On and after the Effective Date, the Reorganized Debtors shall not be responsible for paying any fees or expenses of the advisors to (i) the Ad Hoc 2016 Committee or (ii) the 2016 Agent, except as may otherwise be provided in any then-applicable and effective agreements.

NYC:256487.1

12.     Notice of Confirmation Date and Effective Date.

(a)     Notice of Entry of Confirmation Order.  Within five (5) Business Days after the Confirmation Date, the Debtors shall mail to all parties in interest in these Chapter 11 Cases notice of (i) the entry of this Confirmation Order and (ii) the last date to file (A) requests for payment of Administrative Expense Claims pursuant to section 2.1 of the Plan and Fee Claims pursuant to section 2.2 of the Plan, and (B) Claims arising from the rejection of any executory contracts and unexpired leases pursuant to section 9.5 of the Plan.

(b)     Notice of Effective Date.  Within five (5) Business Days after the Effective Date, the Debtors shall file with this Court and mail to all parties in interest in these Chapter 11 Cases notice of the occurrence of the Effective Date.

13.     Administrative Expense Claims.

(a)     Filing.  All Holders of Administrative Expense Claims (other than Fee Claims, Cash Collateral Order Claims and U.S. Trustee Fees) which were not required to be filed prior to the Administrative Expense Claim Initial Bar Date, including, for the avoidance of doubt: (i) all claims for fees payable to the Clerk of the United States Bankruptcy Court for the Northern District of Texas; (ii) all Administrative Expense Claims that arise on or after May 1, 2013; and (iii) any claim by a governmental unit for a tax or penalty described in section 503(b)(l)(B) and (C) of the Bankruptcy Code (as provided for in section 503(b)(1)(D) of the Bankruptcy Code), must file with the Bankruptcy Court a request for payment of such Claims on or before the Administrative Expense Claim Subsequent Bar Date.  Any such request shall be served on the Reorganized Debtors and their counsel and shall, at a minimum, set forth (i) the name of the holder of the Administrative Expense Claim, (ii) the amount of the Administrative Expense Claim, and (iii) the basis for the Administrative Expense Claim.  A failure to file any

NYC:256487.1

such request in a timely fashion shall result in the discharge of such Administrative Expense Claim and its holder shall be forever barred from asserting such Administrative Expense Claim against the Debtors or the Reorganized Debtors.

(b) <u>Allowance</u>. An Administrative Expense Claim for which a request for payment has been timely filed shall become an Allowed Administrative Expense Claim unless an objection is filed by the date that is forty-five (45) days after such Administrative Expense Claim is filed. If an objection is timely filed, the Administrative Expense Claim in question shall become an Allowed Administrative Expense Claim only to the extent so Allowed by Final Order of the Court.

(c) <u>Payment</u>. Except to the extent that a holder of an Allowed Administrative Expense Claim requests a different treatment of such Administrative Expense Claim, each holder of an Allowed Administrative Expense Claim (other than a Fee Claim, a Cash Collateral Order Claim or U.S. Trustee Fees) shall receive, on account of and in full satisfaction of such Administrative Expense Claim, Cash in an amount equal to the Allowed amount of such Administrative Expense Claim on the later of (i) the Effective Date or (ii) if the Administrative Expense Claim is not Allowed as of the Effective Date, no later than thirty (30) days after entry of an order by the Court allowing such Administrative Expense Claim, or as soon as reasonably practicable thereafter.

14. <u>Fee Claims</u>. Every Professional Person holding a Fee Claim that has not previously been the subject of a final fee application and accompanying Court order shall file a final application for payment of fees and reimbursement of expenses no later than the date that is forty-five (45) days after the Effective Date. Any such final fee application shall conform to and comply with all applicable rules and regulations contained in the Bankruptcy Code, the

Bankruptcy Rules and the Local Rules. The last date to object to any final fee application shall be the twenty-fourth (24th) day after such fee application has been filed with the Court. All final fee applications shall be set for hearing on the same day, as the Court's calendar permits, after consultation with counsel to the Debtors. Allowed Fee Claims shall be paid in full in Cash by the Debtors or the Reorganized Debtors, as applicable, on the later of (A) the Effective Date or, (B) if the Fee Claim is not Allowed as of the Effective Date, no later than ten (10) days after entry of an order by the Bankruptcy Court allowing such Fee Claim.

15. _Distributions_. Distributions under the Plan shall be made by the applicable Disbursing Agent. Distributions and deliveries to be made under the Plan shall be made on the Effective Date or as soon as practicable thereafter.

16. _Record Date for Distributions_. The Distribution Record Date shall be the Effective Date. At the close of business on the Effective Date, the transfer ledgers or registers for the Debtors' existing Equity Interests and Claims shall be closed, and there shall be no further changes in the record holders of such indebtedness. The Reorganized Debtors and the Disbursing Agent shall have no obligation to recognize any transfer of any of the foregoing occurring after the Effective Date, and shall be entitled instead to recognize for all purposes hereunder, under the Plan and this Confirmation Order, including to effect distributions under the Plan, only those record holders stated on the transfer ledgers or registers maintained by the Reorganized Debtors and the Disbursing Agent as of the close of business on the Effective Date.

17. _Unclaimed Distributions_. Any distributions made by the Reorganized Debtors under the Plan that are returned as undeliverable, shall be deemed unclaimed property at the expiration of the later of (a) one hundred eighty (180) days after the Effective Date; or (b) one hundred eighty (180) days after the date of the undeliverable distribution. After such date, all

unclaimed property shall revert to the Reorganized Debtors and the Claim or Equity Interest of any holder with respect to such property or interest in property shall be discharged and forever barred, notwithstanding any applicable federal or state escheat, abandoned, or unclaimed property laws to the contrary.

18. Assumption or Rejection of Executory Contracts and Unexpired Leases.

(a) General. Pursuant to section 9.1 of the Plan, except as otherwise provided in the Plan or in any contract, instrument, release, indenture or other agreement or document entered into in connection with the Plan, each Debtor is hereby deemed to have rejected each executory contract and unexpired lease to which it is a party, unless such contract or lease (i) was previously assumed, assumed and assigned, or rejected by the Debtors, (ii) previously expired or terminated pursuant to its own terms, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date or (iv) is set forth in Schedule 9.1(a) to the Plan as an executory contract or unexpired lease to be assumed. This Confirmation Order shall constitute approval, pursuant to sections 365(a) and 1123(b) of the Bankruptcy Code, of the assumption or rejection of executory contracts and unexpired leases as described above upon the occurrence of the Effective Date. Such assumption or rejection shall be legal, valid, and binding upon the applicable Reorganized Debtor and all non-Debtor counterparties to such contracts or leases, and satisfies the requirements of section 365 of the Bankruptcy Code including, without limitation, section 365(d)(4).

(b) Bar Date for Rejection Damage Claims. All Claims arising out of the rejection of executory contracts or unexpired leases pursuant to the Plan must be filed with the Court and served upon the applicable Debtor and its counsel no later than thirty (30) days after the earlier of (i) the date of entry of a Court order (including this Confirmation Order)

NYC:256487.1

approving such rejection or (ii) the Effective Date; *provided, however*, that any Claim arising out of the rejection of an executory contract or unexpired lease that is filed after the Effective Date of the Plan shall be served on the Reorganized Debtors. Any rejection Claim not filed within such time shall be forever barred from assertion against the Debtors, the Reorganized Debtors, their Estates and their property, shall be unenforceable and shall be discharged.

(c)    Cure of Defaults. Any monetary amounts by which any executory contract or unexpired lease to be assumed under the Plan are in default shall be satisfied, under section 365(b)(1) of the Bankruptcy Code, by the Debtors upon assumption thereof. If there is a dispute regarding the nature or amount of any such Cure, then Cure shall occur following the entry of a Final Order of this Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be. Notwithstanding the foregoing, having determined that no timely objection has been received with respect to the Debtors' proposed cure obligations, all cure obligations with respect to any assumed contract or unexpired lease shall be in the amount listed on Schedule 9.1(a) to the Plan.

19.    General Authorization. Pursuant to sections 1142(a) and (b) of the Bankruptcy Code, section 303 of the Delaware General Corporation Law, and any other comparable or similar provision of the business corporation laws of any other State, each of the Debtors and the Reorganized Debtors is hereby authorized and empowered to, and shall, take such actions and perform such other acts as may be reasonably necessary or appropriate to comply with or implement the Plan (whether to occur before, on or after the Effective Date). All matters provided for in the Plan involving the corporate structure of the Debtors or the Reorganized Debtors, and any corporate action required by the Debtors or the Reorganized Debtors in connection with the Plan shall be deemed to have occurred and shall be in effect, without any

NYC:256487.1

requirement of further action by any holders of Equity Interests or New FiberTower Common Stock or New FiberTower Subsidiary Equity Interests, or the managing members, directors or officers of the Debtors or the Reorganized Debtors. On or (as applicable) prior to the Effective Date, the appropriate officers of the Debtors or the Reorganized Debtors, as applicable, shall be authorized and directed to issue, execute and deliver the agreements, documents, securities, and instruments contemplated by the Plan (or necessary or desirable to effect the transactions contemplated by the Plan) in the name of and on behalf of the Reorganized Debtors. Such authorizations and approvals shall be effective notwithstanding any requirements under non-bankruptcy law.

20. <u>Plan Supplement</u>. The documents contained in the Plan Supplement and any amendments, modifications and supplements thereto, the Plan Documents and all documents and agreements introduced into evidence by the Debtors at the Confirmation Hearing (including all exhibits and attachments thereto and documents referenced therein), and the execution, delivery, and performance thereof and thereunder by the Debtors are authorized and approved. Without need for further order or authorization of the Court, the Debtors and the Reorganized Debtors are authorized and empowered to make any and all modifications to any and all documents included as part of the Plan Supplement or the Plan Documents that do not materially modify the terms of such documents and are consistent with the Plan and this Confirmation Order.

21. <u>Directors and Officers of Reorganized Debtors</u>. The appointment of the initial directors of the Reorganized Debtors as disclosed in the Plan Supplement is hereby approved without the need for any other consent or approval. The initial directors of the Reorganized Debtors shall be considered to have taken office at a point in time immediately following the Effective Date.

22. <u>Authorization of New FiberTower Common Stock and New FiberTower Subsidiary Equity Interests</u>. Pursuant to section 6.4 of the Plan, (i) Reorganized FiberTower is hereby authorized to issue the New FiberTower Common Stock and (ii) the Reorganized FiberTower Subsidiaries are hereby authorized to issue the New FiberTower Subsidiary Equity Interests on or as soon as reasonably practicable following the Effective Date, without the need for any further corporate action, action by any other party, or further order of the Court.

23. <u>Securities Laws Exemption</u>. In accordance with section 1145(a) of the Bankruptcy Code, the offer and sale under the Plan of New FiberTower Common Stock and the New FiberTower Subsidiary Equity Interests will be exempt from registration under the Securities Act of 1933, as amended, and all rules and regulations promulgated thereunder, and under applicable state securities laws.

24. <u>Payment of Statutory Fees</u>. All fees payable under section 1930, chapter 123, title 25, United States Code, as determined by the Court at the Confirmation Hearing, shall be paid on the Effective Date.

25. <u>Governmental Approvals Not Required.</u> This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Plan Supplement, the Plan Documents, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

26. <u>Filing and Recording</u>. This Confirmation Order (a) is and shall be effective as a determination that, on the Effective Date, all Claims and Equity Interests existing prior to such

date have been unconditionally released, discharged, and terminated, except as otherwise provided in the Plan, and (b) is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument. Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, and consummate the transactions contemplated by the Plan Documents and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law.

27.     <u>Exemption from Transfer Taxes</u>.  Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of notes or equity securities under or in connection with the Plan, the creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any merger agreements or agreements of consolidation, deeds, bills of sale, or assignments executed in connection with any of the transactions contemplated under the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.  All sale transactions consummated by the Debtors and approved by the Court on and after the Petition Date through and including the Effective Date, including the transfers effectuated under the Plan, the sale by the Debtors of owned property pursuant to section 363(b) of the Bankruptcy Code, and the

assumption, assignment, and sale by the Debtors of unexpired leases of non-residential real property pursuant to section 365(a) of the Bankruptcy Code, shall be deemed to have been made under, in furtherance of, or in connection with the Plan and, thus, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

28.     <u>Discharge of the Debtors</u>.   Pursuant to section 11.2 of the Plan, except as otherwise provided herein or in the Plan, upon the Effective Date, and in consideration of the distributions to be made under the Plan, each holder (as well as any trustees or agents on behalf of each holder) of a Claim or Equity Interest and any affiliate of such holder shall be deemed to have forever waived, released and discharged the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Equity Interests, rights and liabilities that arose prior to the Effective Date, regardless of whether or not (i) a proof of Claim or Equity Interest has been filed, (ii) such Claim or Equity Interest was Allowed, (iii) the holder of such Claim or Equity Interest has voted to accept or reject the Plan, or (iv) any property shall have been distributed or retained pursuant to the Plan on account of such Claims or Equity Interests, and the Debtors and their Estates shall be deemed discharged and released from any such Claims or Equity Interests.   Upon the Effective Date, all such Persons shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim against or terminated Equity Interest in the Reorganized Debtors.

29.     <u>Exculpation</u>.  Pursuant to section 11.3 of the Plan, the Released Parties (each solely in their *its* capacity as such) shall not have or incur any liability to any holder of a Claim or an Equity Interest, or any other party-in-interest, or any of their respective agents, employees, equity holders, partners, members, representatives, financial advisors, attorneys, or affiliates, or

any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of the administration of the Chapter 11 Cases, the negotiation and pursuit of approval of the Disclosure Statement, the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, and shall be deemed to have acted in good faith in connection therewith and entitled to the protections of section 1125(e) of the Bankruptcy Code. Notwithstanding anything to the contrary contained herein or in the Plan, no party shall be exculpated from any liability based upon gross negligence, willful misconduct, fraud or criminal acts as determined by a Final Order of the Court. *and the exculpation shall not extend to Released Parties other than Debtors and*

30.  <u>Releases by Debtors</u>.  Pursuant to section 11.4(a) of the Plan, on the Effective *the* Date, effective as of the Confirmation Date, the Debtors and the Reorganized Debtors in their *Officers* individual capacities and as debtor in possession, shall be deemed to forever release, waive and *Committee* *and the* discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of *Letters* Action and liabilities (other than the rights of the Debtors or Reorganized Debtors to enforce the *Professionals* Plan and the contracts, instruments, releases, indentures and other agreements or documents delivered thereunder) against the Released Parties (each solely in their capacity as such), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, their affiliates and former affiliates, the Reorganized Debtors, the Chapter 11 Cases, or the Plan or the Disclosure Statement, and that could have been asserted by or on behalf of the Debtors or their Estates or the Reorganized Debtors, whether directly, indirectly, derivatively or in any representative or

32

any other capacity, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted willful misconduct, gross negligence, fraud or a criminal act; *provided, however,* that the Plan shall not provide for a release of the Estate D&O Claims, any claims or Causes of Action arising under chapter 5 of the Bankruptcy Code or any claims or Causes of Action set forth on Schedule 11.4(a) to the Plan.

31.    <u>Releases by Holders of Claims and Equity Interests</u>.  Pursuant to Section 11.4(b) *section 524(e) of the Bankruptcy Code,* of the Plan, except as otherwise provided for in the Plan or this Confirmation Order, (i) each of the Released Parties; and (ii) to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date, all holders of Claims and Interests, in consideration for the obligations of the Debtors and Reorganized Debtors under the Plan, the New FiberTower Common Stock, and other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan, and each entity (other than the Debtors or the Reorganized Debtors) that has held, holds or may hold a Claim or Equity Interest, as applicable, will be deemed to have consented to the Plan for all purposes and the restructuring embodied therein and deemed to forever release, waive and discharge all claims, demands, debts, rights, Causes of Action or liabilities (other than the right to enforce the obligations of any party under the Plan and the contracts, instruments, releases, agreements and documents delivered under or in connection with the Plan) against the Released Parties (each solely in their capacity as such), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act or omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, their affiliates and former affiliates, the Reorganized Debtors, the Chapter 11 Cases, or

NYC:256487.1

the Plan or the Disclosure Statement, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted willful misconduct, gross negligence, fraud or a criminal act.

32.    Injunction and Stay.

(a)    Except as otherwise expressly provided herein or in the Plan, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Persons who have held, hold or may hold Claims against or Interests in the Debtors or the Estates are, with respect to any such Claims or Interests, permanently enjoined after the Confirmation Date from: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Reorganized Debtors, the Estates or any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Debtors, the Reorganized Debtors, or the Estates or any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons, or any property of any such transferee or successor; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Reorganized Debtors, or the Estates or any of their property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan to the full extent permitted by applicable law; and (v) commencing or

34

continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; *provided, however,* that nothing contained herein shall preclude such Persons from exercising their rights, or obtaining benefits, pursuant to and consistent with the terms of the Plan or this Confirmation Order.

(b)     Unless otherwise provided in the Plan or this Confirmation Order, all injunctions or stays arising under or entered during the Debtors' Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

33.     Preservation of Claims and Rights of Action; Litigation Trust and Litigation Trust Assets. Pursuant to Sections 6.5, 6.7, and 11.9 of the Plan:

(a)     Except as otherwise provided in the Plan, this Confirmation Order or in any contract, instrument, release, indenture or other agreement entered into in connection with the Plan, in accordance with section 1123(b) of the Bankruptcy Code, the Reorganized Debtors shall retain and may, without the need for any further Court approval, enforce, sue on, settle, or compromise (or decline to do any of the foregoing) all Claims, rights or causes of action, suits, and proceedings, whether in law or in equity, whether known or unknown, that the Debtors or their Estates may hold against any Person or entity, including, but not limited to (i) all of the Debtors' interests in the pending appeal, and any future appeals, of the FCC Opinion (ii) Causes of Action that may exist against any Party listed in the Debtors' statements of financial affairs and/or schedules of assets and liabilities and (iii) the Causes of Action set forth by the Debtors' *Notice of Non-Exhaustive List of Potential Causes of Action* [Docket No. 1023].  The Reorganized Debtors or their successor(s) may pursue such retained Claims, rights or Causes of

NYC:256487.1

Action, suits, or proceedings as appropriate, in accordance with the best interests of the Reorganized Debtors or their successor(s) who hold such rights.

(b) Except as otherwise provided in this Confirmation Order or in the Plan, as of the Effective Date, pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, any Causes of Action accruing to the Debtors shall become assets of, and shall vest in, the Reorganized Debtors, and the Reorganized Debtors shall have the authority to commence and prosecute such Causes of Action for the benefit of the Debtors, the Reorganized Debtors or the Estates. After the Effective Date, the Reorganized Debtors shall have the authority to compromise and settle, otherwise resolve, discontinue, abandon, or dismiss all such Causes of Action without Court approval.

(c) Notwithstanding anything to the contrary contained in this Confirmation Order or the Plan, the following shall be reserved for the Litigation Trust and become Litigation Trust Assets (subject in all respects to the terms of the Litigation Trust Agreement): (i) any claims or Causes of Action arising under chapter 5 of the Bankruptcy Code or the proceeds thereof, and (ii) the Estate D&O Claims or the proceeds thereof. The Litigation Trustee is authorized to pursue such retained Claims, rights or Causes of Action, suits, or proceedings as appropriate, in accordance with and subject to the terms of the Litigation Trust Agreement. On the Effective Date, the Reorganized Debtors, on their own behalf and on behalf of the Beneficiaries, and the Litigation Trustee shall execute the Litigation Trust Agreement and shall take all other steps necessary to establish the Litigation Trust in accordance with and pursuant to the terms of the Litigation Trust Agreement. The Litigation Trust and the Litigation Trustee shall be subject to oversight by the Trust Advisory Board as provided in the Litigation

Trust Agreement. The Litigation Trust shall be operated in accordance with the provisions of section 6.5 of the Plan and the Litigation Trust Agreement.

(d)     In consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all Claims and controversies resolved under the Plan, and the entry of this Confirmation Order shall constitute the Court's approval of such compromise and settlement under Bankruptcy Rule 9019.

34.     Modification of the Plan.  Pursuant to section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all holders of Claims and Equity Interests who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan as modified on January 17, 2014.  No holder of a Claim or Equity Interest may change its vote as a consequence of such modification.  After the Confirmation Date, so long as such action does not materially and adversely affect the treatment of holders of Claims or Equity Interests under the Plan, the Debtors or the Reorganized Debtors may institute proceedings in this Court to remedy any defect or omission or to reconcile any inconsistencies in the Plan or this Confirmation Order, with respect to such matters as may be necessary to carry out the purposes and effects of the Plan.  A holder of a Claim or Equity Interest that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended, or modified, if the proposed alteration, amendment, or modification does not materially and adversely change the treatment of the Claim or Equity Interest of such holder.

35.     Conditions to Effective Date.  The Plan shall not become effective unless and until the conditions set forth in Article X of the Plan have been satisfied or waived pursuant to section 10.3 of the Plan.

37

36.     <u>Authorization to Consummate Plan</u>.  Notwithstanding Bankruptcy Rule 3020(e), but subject to Article X of the Plan, the Debtors are authorized to consummate the Plan upon entry of this Confirmation Order.  The Debtors are authorized to execute, acknowledge, and deliver such deeds, assignments, conveyances, and other assurances, documents, instruments of transfer, Uniform Commercial Code financing statements, trust agreements, mortgages, indentures, security agreements, and bills of sale and to take such other actions as may be reasonably necessary to perform the terms and provisions of the Plan, all transactions contemplated by the Plan, and all other agreements related thereto.

37.     <u>Effect of Failure of Conditions to Effective Date</u>.   In the event the conditions precedent specified in section 10.2 of the Plan have not been satisfied or waived in the manner set forth therein and in section 10.3 of the Plan, then (i) this Confirmation Order shall be vacated and of no further force or effect; (ii) no distributions under the Plan shall be made; (iii) the Debtors and all holders of Claims against and Equity Interests in the Debtors shall be restored to the *status quo ante* as of the day immediately preceding the Confirmation Date as though the Confirmation Date had never occurred; (iv) all of the Debtors' obligations with respect to the Claims and Equity Interests shall remain unaffected by the Plan; (v) nothing contained in the Plan or this Confirmation Order shall be deemed to constitute a waiver or release of any claims by or against the Debtors or any other Person or to prejudice in any manner the rights of the Debtors or any other Person in any further proceedings involving the Debtors; and (vi) the Plan shall be deemed withdrawn.

38.     <u>Substantial Consummation</u>.  On the Effective Date, the Plan shall be deemed to be substantially consummated under section 1101 of the Bankruptcy Code.

NYC:256487.1

39.     <u>Retention of Jurisdiction</u>.  Upon the Effective Date, the Court may properly retain, and if appropriate, shall exercise jurisdiction over, the matters set forth in Article XII of the Plan and section 1142 of the Bankruptcy Code.

40.     <u>Ordinary Course</u>. From and after the Confirmation Date, and subject to any FCC approval that may be required, the Debtors are authorized to and may enter into all transactions including, but not limited to, the retention of professionals, and pay and fees and expenses incurred thereby and in connection therewith, in the ordinary course of business, without the need for Court approval.  Moreover, from and after the Confirmation Date, the Debtors and the Reorganized Debtors are authorized to, and may enter into, all transactions necessary or appropriate to implement the Plan, including, but not limited to, the payment of any fees, expenses or indemnification obligations incurred thereby and in connection therewith, which shall be entitled to administrative priority and which shall be binding on the Debtors or the Reorganized Debtors without the need for Court approval.

41.     <u>Governing Law</u>.

(a)     Except to the extent that the Bankruptcy Code or other federal law is applicable, including but not limited to the Communications Act of 1934, as amended, and the written rules, regulations and policies promulgated by the FCC, or to the extent an exhibit to the Plan provides otherwise (in which case the governing law specified therein shall be applicable to such exhibit), the rights, duties and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with the laws of the State of New York without giving effect to the principles of conflict of laws that would require application of the laws of another jurisdiction.

(b)     Notwithstanding anything herein or in the Plan to the contrary, the Debtors and the Reorganized Debtors shall comply with the Communications Act of 1934, as amended, and the written rules, regulations and orders promulgated thereunder by the FCC.  No transfer of control to the Reorganized Debtors of any federal license issued by the FCC shall take place prior to the issuance of FCC regulatory approval for such transfer of control pursuant to applicable FCC regulations.  The FCC's rights and powers to take any action pursuant to its regulatory authority over the transfer of control to the Reorganized Debtors including, but not limited to, imposing any regulatory conditions on such transfer, are fully preserved and nothing herein or in the Plan shall proscribe or constrain the FCC's exercise of such power or authority to the extent provided by law.

42.     <u>Severability</u>.  If the Court determines that any provision of the Plan is unenforceable either on its face or as applied to any Claim or Equity Interest, the Debtors, in their sole discretion, may modify the Plan in accordance with Section 13.4 thereof so that such provision shall not be applicable to the holder of any Claim or Equity Interest.  Any such determination of unenforceability shall not (i) limit or affect the enforceability and operative effect of any other provisions of the Plan; or (ii) require the resolicitation of any acceptance or rejection of the Plan unless otherwise ordered by the Court.

43.     <u>Conflicts Between Confirmation Order and Plan</u>.  The failure to specifically include any particular provision of the Plan or in the Plan Supplement in this Confirmation Order shall not diminish the effectiveness of such provision, it being the intent of the Court that the Plan and the Plan Supplement are confirmed in their entirety and incorporated herein by this reference.  The provisions of the Plan Documents and this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; *provided, however,*

NYC:256487.1

that in the event of any inconsistency among the Plan, the Plan Supplement, the Plan Documents, the Disclosure Statement, and any exhibit or schedule to the Disclosure Statement, the provisions of the Plan shall govern. In the event of any inconsistency between the Plan and this Confirmation Order, the Confirmation Order shall govern. The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent unless expressly stated by further order of the Court.

44. <u>Immediate Effect of Order</u>. Notwithstanding Bankruptcy Rules 3020(e), 6004(g), 6006(d), 7062 or otherwise, the Confirmation Order shall take effect on the date hereof.

# # # END OF ORDER # # #

**ORDER SUBMITTED BY:**

**ANDREWS KURTH LLP**

By: /s/ Paul N. Silverstein
Paul N. Silverstein (admitted *pro hac vice*)
Jonathan I. Levine (admitted *pro hac vice*)
Texas State Bar No. 00796928
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone: (214) 659-4400
Facsimile: (214) 659-4401

*Counsel for the Debtors*

NYC:256487.1